

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2003

# USA v. Holland

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Holland" (2003). *2003 Decisions.* Paper 262.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/262

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

———————No. 02-4005

———————

UNITED STATES OF AMERICA

v.

JEFFREY HOLLAND,

<u>Appellant</u>

———————

———————On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 01-00195-2)
District Judge:  Honorable William W. Caldwell

———————

———————Submitted United Third Circuit LAR 34.1(a)
September 9, 2003

BEFORE:  BARRY, BECKER, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: September 23, 2003)

———————

———————OPINION

———————

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before this court on an appeal from a judgment of

conviction and sentence entered in this criminal case on October 15, 2002, following a

jury verdict convicting the appellant Jeffrey Holland ("Holland") on three of the four

counts of the second superseding indictment in this case. In particular, the three counts on which the jury convicted him were as follows: Count I, intentionally and knowingly manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, also known as "crack" cocaine, and aiding, abetting, counseling, commanding, inducing, and procuring the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count III, intentionally and knowingly using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and Count V, conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. § 846. In addition, he was charged in Count IV with causing the death of Jason Harrigan through the use of a firearm used during and in relation to drug trafficking and a drug trafficking conspiracy in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2. The jury, however, deadlocked on that count and the court later dismissed it. The indictment included largely parallel charges against Harvey Holland, Holland's brother, who thereafter was a defendant at their joint trial. Harvey Holland, however, was not charged with a violation of 18 U.S.C. § 924(c). The district court sentenced Holland to concurrent life sentences on Counts I and V to be followed by a consecutive term of 60 months on Count III. In addition, the court ordered that the terms of imprisonment be followed by concurrent ten-year terms of supervised release on Counts I and V and a concurrent three-year term of supervised release on Count III and

2

fined Holland $6,000.00.

Holland contends that the evidence was not sufficient "to prove beyond a reasonable doubt the offense of Conspiracy to Distribute 50 grams or more of crack cocaine." Br. at 2. He also contends that he is entitled to a new trial on the conspiracy and distribution counts because "the court erred when it gave an inaccurate, unbalanced and misleading supplemental instruction in response to [a] jury question." Id. The parties are in agreement that we review the evidence in the light most favorable to the government on Holland's first contention, citing United States v. Cothran, 286 F.3d 173, 175 (3d Cir. 2002), and United States v. Rosario, 118 F.3d 160, 163 (3d Cir. 1997). Moreover, the government, citing United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998), points out that we do not weigh the evidence or make an independent determination as to the witnesses' credibility and we must uphold the verdict if any "rational" trier of fact could have found the elements of the offense established beyond a reasonable doubt. The parties are also in agreement as to our standard of review with respect to the supplemental jury instruction as they both state that we use an abuse of discretion standard, citing Walden v. Georgia-Pacific Corp., 126 F.3d 506, 513 (3d Cir. 1997), and Beardshall v. Minuteman Press International, Inc., 664 F.2d 23, 28 (3d Cir. 1981). The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

Preliminarily we want to make it clear that the government's observation that

Holland's first argument, i.e., the evidence on the conspiracy count, Count V, was insufficient cannot help him even if we accept it, has not entered into our consideration of this case. The government predicates this assertion on the circumstance that Holland does not challenge the sufficiency of the evidence to support his conviction on Count I. Thus, a reversal limited to Count V would not affect the verdict on Count I or the concurrent life sentence that the court imposed on that count. Indeed, Holland does not even make a spill-over argument that the insufficiency of the evidence on Count V prejudiced him on Count I. See United States v. Pelullo, 964 F.2d 193, 207 (3d Cir. 1992). Nevertheless, we view the sufficiency of the evidence argument no differently than we would if the jury had convicted him only on Count V. That said, we reject Holland's sufficiency of the evidence argument as we are satisfied that the evidence supported the conviction.

Holland's contention with respect to the supplemental jury instruction relates to proceedings on June 6, 2002. While the transcript does not set forth the jury's question verbatim it includes the judge's comment that: "Folks, we have the question that you asked about the 20 dollar bag and what it weighs; is that correct? And you indicate that you have no reference to determine weight, no direct testimony as to the specific weight amounts, etcetera." App. at 623. Holland does not suggest that the court's characterization of the jury's question was inaccurate and neither he nor his brother objected to the court's characterization of it at the time. The weight was significant because the court in its charge had explained that if the jury determined that the material

4

involved was crack cocaine and a defendant was guilty of distribution or possession of it with intent to distribute, the jury would be asked "to determine the approximate quantity of the cocaine involved if you can do so." Id. at 601. The court, in fact, did ask the jury to indicate on its verdict sheet, if it found Holland guilty on Count V, whether the quantity was 50 grams or more, 5 grams or more but less than 50 grams, or less than 5 grams. The jury found that the quantity was 50 grams or more.

In response to the question the court referred to the testimony and then, following a discussion with the attorneys, added to its original comments in response to the question. Holland contends that the supplemental instruction inaccurately stated the facts in the case, precluded the jury from considering important facts regarding the weight involved, and misled and coerced the jury. We have reviewed the matter and have concluded that the court's supplemental instruction except in one respect was unexceptionable.

In the court's original supplemental instruction before its discussion with the attorneys it indicated that "[n]aturally, we are hopeful that a verdict can be reached in this case, but we don't want anybody to reach a verdict just for the sake of reaching a verdict. If the case is not resolved today, it will have to be tried by another jury at a later time." App. at 624. Holland correctly points out that insofar as the court indicated that to avoid the necessity for a new trial the jury would have to resolve the case "today," the statement was "untrue" as the jury had deliberated only on that day and the jury had not suggested

5

that it was deadlocked. In the circumstances, we believe that the deliberations could have been and indeed would have been continued to another day if the jury did not return a verdict on the day the court gave the supplemental instruction.

While we realize that the court did declare a mistrial on Count IV on June 6, 2002, the day it gave the supplemental charge, we doubt that it would have declared a mistrial on the whole case if the jury had not returned a verdict on any count that day. It is one thing to declare a mistrial on one count of a multi-count indictment but quite another to declare a mistrial on an entire case. After all, experience teaches that when the jury cannot return a verdict on one count it may not be necessary to retry that count when there are convictions on other counts. Indeed, that is what happened here. On the other hand, we think that the court would have been reluctant to declare a mistrial on the entire case for by doing so it surely would have guaranteed that there would be another trial as we cannot imagine that the government would have dropped this serious case after only one mistrial.

We, nevertheless, will not reverse by reason of this error. As we have explained, following the court's incorrect comment there was a sidebar discussion and after that discussion the court made further reference to the jury regarding the evidence. Thus, as the court apparently was responsive to the attorneys' comments but made no reference to the jury reaching a verdict we infer that neither defendant objected to the comment or asked the court to clarify it. Moreover, after the court completed its supplemental

instructions and the jury retired the court stated that "Did counsel wish to place any objection on the record to my remarks?" App. at 625. At that time neither defendant suggested that the court's comments regarding the jury reaching a verdict "today" were unfair or coercive and neither objected to them.

In the circumstances, Holland has an enhanced burden to obtain a reversal by reason of the court's error as he must show plain error to be successful. After all, the error was evident and he had an adequate opportunity to object to it but did not do so. See United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776-77 (1993). In this regard, Fed. R. Crim. P. 52(b) indicates that only plain error or defects affecting substantial rights may be noticed. We are satisfied that the error could not have affected Holland's substantial rights. As we indicated above, the court told the jury during its charge that it would be concerned with the quantity of the crack cocaine only if it determined that the material was crack cocaine and a defendant was guilty of distribution of it or possession of it with intent to distribute. Here the jury's question related to weight and thus the question implies that even before the jury asked the question it had resolved the basic issues in the case for unless it had the weight did not matter. Moreover, as we also have indicated, the evidence supported the conviction for a conspiracy involving 50 grams or more of crack cocaine. In the circumstances, we could not hold reasonably that the court's error affected Holland's substantial rights. Indeed, we cannot conceive that if the court had not included the word "today" in its supplemental instruction the result here

7

would have been different.

In reaching our conclusion we recognize that the coercive capacity of the court's comment did not depend on it being correct. Yet here we cannot believe that the court coerced the jury for the jury, notwithstanding the court's comment, deadlocked on Count IV. Accordingly, even though the jury did not know that the count would be dismissed rather than being retried if it did not reach a verdict, it nevertheless was willing to compel the parties to go through another trial on that count. Therefore it was not coerced by the court's comments.

In closing our opinion, we point out that this case demonstrates why a court should be reluctant to reverse by reason of an error not brought to the attention of the district court. We reiterate that following the sidebar conference after the court's initial response to the jury's question the court amplified its comments to the jury, thus demonstrating that it was open to suggestions. Consequently, we have no doubt that if the attorneys had objected to the use of the word "today" the court would have told the jury to disregard it. Apparently the defendants did not think at the time that the court prejudiced them by the use of the word and neither do we now.

For the foregoing reasons the judgment of conviction and sentence entered October 15, 2002, will be affirmed.

——————

                              /s/ Morton I. Greenberg
                                Circuit Judge