CLD-050                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2381
_____

JEFFREY HOLLAND,
Appellant

v.

RONNIE HOLT
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-00329)
District Judge: Honorable Malcolm Muir
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 9, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

        In February 2009, Jeffrey Holland, a federal inmate, filed a pro se petition for a

writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the

Middle District of Pennsylvania, seeking to attack the validity of his 2002 conviction on

Count III of a second superceding indictment charging him with intentionally and knowingly using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.[1] Holland argued that his conviction on Count III is unlawful in light of Watson v. United States, 552 U.S. 74 (2007), because he was convicted based on evidence that he traded drugs and cash for a firearm.[2]

The government responded to Holland's § 2241 petition by noting that "Holland's § 924(c) conviction arose from a witness statement that in 1999 Holland had traded a silver handgun for crack cocaine and cash. The witness [Stewart] also testified that Holland test fired the gun, after which, the witness was then given eighty dollars worth of crack cocaine and one hundred dollars in cash." Response at 3 (citation to PSR omitted). The government argued that Holland cannot show that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. While acknowledging that "the Watson decision seems

---

[1] Holland was also convicted on two counts charging drug offenses for which he was sentenced to concurrent life sentences, to be followed by a consecutive sixty-month term for the conviction on Count III. See United States v. Holland, No. 02-4005, 75 Fed. App'x 878, 879 (3d Cir. 2003), cert. denied, 540 U.S. 1205 (2004). The District Court denied Holland's subsequent motion for relief under 28 U.S.C. § 2255.

[2] The Supreme Court ruled in Watson

> that trading drugs for a firearm did not constitute a use within the meaning of § 924(c). Building upon [Smith v. United States, 508 U.S. 223 (1993)] and [Bailey v. United States, 516 U.S. 137 (1995)], the Watson Court noted that in a bartering situation, a "seller does not 'use' a buyer's consideration." Thus, receipt of a gun in trade for drugs does not constitute a "use" of a firearm for § 924(c) purposes.

at first blush to support Holland's claim," the government argued that, because "Holland is guilty as an aider and abettor" inasmuch as the "evidence established that Holland solicited Stewart to commit a violation of 924(c) by asking her to trade him a firearm for drugs," his conviction "could stand on this theory." Response at 14. The government thus argued that Holland failed to meet the narrow exception for proceeding under § 2241, and that Holland must seek permission to file a second or successive § 2255 motion in order to raise his claim.

On July 20, 2009, the District Court dismissed Holland's § 2241 petition, concluding that Holland had failed to show that § 2255 affords an inadequate or ineffective remedy. The District Court added that "[t]here remains [a] possibility that Holland would be granted permission by the Third Circuit to file a successive § 2255 motion," and it dismissed the § 2241 petition without prejudice to Holland's right to seek authorization to file a § 2255 motion. Holland did not appeal this decision.

Almost eight months later, on March 17, 2010, Holland filed a "motion to reopen and memorandum of law." Holland sought to "resubmit" his § 2241 petition and asked the District Court to reopen proceedings, arguing that the dismissal of his petition conflicts with, inter alia, a subsequently issued district court decision, Cox v. Holt, No. 08-cv-02268, 2009 U.S. Dist. LEXIS 73939 (M.D. Pa. Aug. 20, 2009), where the court reached the merits of a § 2241 petition attacking a § 924(c) conviction in light of Watson.

On April 14, 2010, the District Court treated Holland's post-judgment pleading as

United States v. Cheeseman, 600 F.3d 270, 277 (3d Cir. 2010) (citations omitted).

a motion for reconsideration and denied it as untimely filed. The Court explained that Holland had ten days under Middle District Local Rule 7.10 to seek reconsideration, and Holland filed his motion long after that deadline had expired. Holland filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291 to review the order denying Holland's post-judgment motion.[3] Our review is for abuse of discretion. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Holland did not specify the authority under which he sought to "reopen" his case. The District Court viewed the filing as a motion for reconsideration. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that party seeking reconsideration must show intervening change in controlling law, availability of new evidence, or need to correct clear error of law or fact or to prevent manifest injustice). Holland argued in his motion that the District Court committed an error of law in dismissing the § 2241 petition. Because "[a] motion under Rule 59(e) is a device to relitigate the original issue decided

---

[3] We lack jurisdiction to review the underlying order dismissing the § 2241 petition. Holland's notice of appeal was not timely filed as to that order. See Fed. R. App. P. 4(a)(1)(B) (sixty days to appeal). Further, to the extent that Holland's post-judgment motion is properly viewed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e), the motion was untimely and did not toll the time to appeal the underlying order. See Lizardo v. United States, 619 F.3d 273, 280 (3d Cir. 2010). In addition, even if the filing is viewed as a Rule 60(b) motion, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Dir. Dep't of Corrs. of Ill., 434 U.S. 257, 263 n.7 (1978); see Smith v. Evans, 853 F.2d 155, 158 n.1 (3d Cir. 1988).

4

by the district court, and used to allege legal error," <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (3d Cir. 2003) (quotation marks omitted), the District Court did not err in treating Holland's pleading as a motion for reconsideration. The motion, however, was untimely under both Middle District Local Rule 7.10 and Federal Rule of Civil Procedure 59(e) (28 days to move for reconsideration). Relief, therefore, was properly denied.

The District Court did not address whether Holland's motion could be considered under Rule 60(b). <u>See</u> <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 209 (3d Cir. 2002) (explaining that when post-judgment motion is "filed outside of the [the time] provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion"). Holland's claim of legal error raised a cognizable ground for relief under the catch-all provision of Rule 60(b)(6), which permits a court to relieve a party from a final judgment for "any other reason that justifies relief."[4]

"[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." <u>Budget Blinds, Inc.</u>

---

[4] Holland could not seek relief under Rule 60(b)(1). This Court has noted that "some courts have held that legal error without more cannot be corrected under Rule 60(b)," while other courts "have held that legal error may be characterized as 'mistake' within the meaning of Rule 60(b)(1), but only where the motion is made … within the time allowed for appeal." <u>Page v. Schweiker</u>, 786 F.2d 150, 154-55 (3d Cir. 1986). In the present case, assuming <u>Page</u> allows for the possibility that a claim of legal error can be raised under Rule 60(b)(1) if the motion is made before expiration of the time to appeal, Holland filed his motion long after the sixty-day period to appeal had expired, rendering Rule 60(b)(1) unavailable.

5

v. White, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted). Holland showed no extraordinary circumstances. Indeed, he merely reargued the merits of his claim and reasserted his contention that he can proceed under § 2241. To the extent that Holland relied upon the subsequently issued district court decision in Cox, supra, "intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Reform Party v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (quotation marks omitted). The District Court here was not bound by the Cox decision. See 18 James Wm. Moore et al., Moore's Federal Practice ¶ 134.02[1][d] (3d ed. 1997) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). The Cox decision, therefore, plainly is not an extraordinary circumstance warranting relief from the final judgment.

Moreover, we have held that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988); see Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977) ("[I]t is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal."). Holland could have raised on appeal his legal argument challenging the dismissal of the § 2241 petition. Cf. Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) ("What Morris is attempting to raise as a Rule 60(b) motion is in fact what he should have brought as an appeal."). As such, Rule 60(b) relief was unavailable.

6

For these reasons, we will summarily affirm the District Court's order denying

Holland's post-judgment motion.  <u>See</u> 3d Cir. I.O.P. 10.6.