NOT PRECEDENTIAL

**CLD-204**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2166
_____

UNITED STATES OF AMERICA,

v.

JEFFREY HOLLAND,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:01-cr-00195-002)
District Judge:  Honorable Robert D. Mariani

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 24, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: September 26, 2023)

_____

OPINION[*]

_____

**PER CURIAM**

Pro se appellant Jeffrey Holland appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion to summarily affirm the District Court's order. For the following reasons, we will summarily affirm.

Because we write primarily for the benefit of the parties, we recite only the facts and procedural history relevant to our disposition. In 2002, a federal jury found Jeffrey Holland guilty of trafficking 50 grams or more of crack in violation of 21 U.S.C. § 841(a); using a firearm while trafficking drugs in violation of 18 U.S.C. § 924(c)(2); and other offenses. Holland was sentenced to two concurrent life sentences, to be followed by a 60-month consecutive sentence for the firearms conviction. We affirmed on direct appeal. *See United States v. Holland*, 75 F. App'x 878 (3d Cir. 2003). Thereafter, Holland filed several unsuccessful § 2255 motions, § 2241 petitions, and § 2244 applications, as well as two unsuccessful motions for a sentence reduction.[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We are also aware of two pending appeals, *see* C.A. Nos. 22-2763 and 23-2044, but neither has any impact on the current record.

2

The present appeal concerns Holland's September 16, 2022 motion for compassionate release. Dkt No. 579. In that motion, Holland alleged that judicial misconduct, including evidence of the trial judge's influence on the jury's verdict, constituted an extraordinary and compelling reason for compassionate release. Holland also appears to have alleged that the evidence of quantity or weight of the drugs was insufficient to support a conviction, which constituted an extraordinary and compelling reason for release. He later refiled this motion in April 2023 as a "supplement" and moved for the appointment of counsel. Dkt Nos. 585 & 586. On June 6, 2023, the District Court denied both Holland's compassionate release motion as supplemented and his request for counsel. Dkt Nos. 592 & 593. Specifically, the Court concluded that the motion should be denied because the propriety of the duration of Holland's sentence was previously considered and found appropriate, and "[t]he duration of a lawfully imposed sentence does not create an extraordinary and compelling circumstance" warranting relief under § 3582(c)(1)(A). Dkt No. 593, at 1 (quoting *United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021)). Holland filed a timely notice of appeal from the June 6, 2023 order. Dkt No. 599.[2] On appeal, the Government seeks summary affirmance and Holland has moved for appointment of counsel.

---

[2] In his notice of appeal, Holland incorrectly dated the District Court's order as June 7, 2023. There is no question, however, which order he seeks to appeal.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review for abuse of discretion a district court's order denying a motion for compassionate release.  *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).  "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  *Id.* (quotation marks and citation omitted).  We may take summary action if the appeal presents no substantial question.  *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; *see also Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that this Court may uphold a district court's decision on any basis supported by the record).

A district court "may reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  In his request for compassionate release, Holland appears to have presented two circumstances that he alleges constitute extraordinary and compelling reasons for release:  (1) judicial misconduct, and (2) insufficient evidence to sustain his conviction and sentence.  There is no indication that the District Court "committed a clear error of judgment" when it denied his motion.  *Pawlowski*, 967 F.3d at 330.

Although couched as arguments in support of compassionate release, both of Holland's grounds for compassionate release attack the legal validity of his convictions and sentence, which is "the heart of habeas corpus."  *See McCarthy v. Bronson*, 500 U.S. 136, 141 (1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)).

4

Compassionate release is not a means of avoiding the standards for obtaining relief via successive § 2255 motions or § 2241 petitions. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) ("[Movant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." (*citing United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021)).[3] For this reason, his motion was properly denied.

Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment.[4] Appellant's motion for appointment of counsel on appeal is denied.

---

[3] As the District Court specifically noted, Holland has raised the sufficiency of the evidence issue regarding the quantity/weight of the drugs on direct appeal and in numerous subsequent motions in the District Court. *See* Dkt No. 593, at 2.

[4] We also discern no abuse of discretion in the District Court's decision to deny Holland's motion for the appointment of counsel. *See United States v. Webb*, 565 F.3d 789, 795 n.4 (11th Cir. 2009) (per curiam) (recognizing that a district court may appoint counsel as a matter of discretion).