**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2763
_____

UNITED STATES OF AMERICA

v.

JEFFREY HOLLAND,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-01-cr-00195-002)
U.S. District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 5, 2023
_____

Before:  SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.

(Filed:  October 12, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Jeffrey Holland appeals the District Court's order granting his motion for resentencing under the First Step Act but declining to alter his sentence. For the following reasons, we will affirm.

I

A

In 2002, a jury convicted Holland of distribution and possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to do so, in violation of 21 U.S.C. § 846.[1] At the time of Holland's crime, each count carried a mandatory minimum term of imprisonment of ten years and a maximum term of life under 21 U.S.C. §§ 841(b)(1)(A) and 846 because each involved fifty grams or more of crack cocaine. Holland was, however, subject to a statutory

---

[1] Holland was also charged with two other counts: (1) using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and, (2) causing the death of another through the use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(j). Holland was found guilty on the § 924(c) count and sentenced to a consecutive sixty-month term of imprisonment. Holland filed a habeas petition under 28 U.S.C. § 2241 related to the § 924(c) conviction, which the District Court denied. <u>Holland v. Baltazar</u>, No. 3:17-cv-01301, 2021 WL 5447103, at *7 (M.D. Pa. Nov. 27, 2021). We have stayed Holland's appeal of that order pending the outcome of this case. The jury hung on the § 924(j) count and the Government eventually dismissed it.

mandatory term of life imprisonment because he had previously been convicted of two "felony drug offenses."[2] 21 U.S.C. § 841(b)(1)(A) (2001).

Holland's United States Sentencing Guidelines base offense level was determined according to U.S.S.G. § 2D1.1(d)(1), which directs the court to apply the offense level of forty-three set forth in § 2A1.1 if a victim was killed during the defendant's drug trafficking crime under circumstances constituting murder pursuant to 18 U.S.C. § 1111. The sentencing court applied the cross-referenced murder enhancement because the trial testimony proved by a preponderance of the evidence that Holland had committed a murder in furtherance of the drug trafficking conspiracy. Holland was also found to have obstructed justice based on his attempts to tamper with several trial witnesses, and while this typically would result in a two-level enhancement under U.S.S.G. § 3C1.1, it did not increase Holland's offense level because forty-three is the highest possible offense level under the Guidelines, U.S.S.G. § 5A. Furthermore, although Holland was a career offender, the career offender offense level of thirty-seven was lower than the offense level required by § 2D1.1, and so the sentencing court did not use the career offender offense level to calculate Holland's Guidelines range. Therefore, Holland's offense level

---

[2] The Government filed an information under 21 U.S.C. § 851 notifying Holland that it intended to seek § 841(b)(1)(A)'s enhanced penalties based on his prior convictions.

of forty-three and his criminal history category of VI resulted in a Guidelines range of life imprisonment.

The sentencing court imposed concurrent life sentences on both drug counts. Holland appealed and we affirmed. United States v. Holland, 75 F. App'x 878 (3d Cir. 2003).

B

In 2019, Holland moved for resentencing under the First Step Act and sought a sentence of time served. The District Court found Holland was eligible for resentencing but declined to alter his life sentence, holding (1) Section 401 of the First Step Act, which redefines what prior drug convictions may be used to enhance a sentence under 21 U.S.C. § 841(b), did not apply to Holland, and he was therefore still subject to a minimum term of ten years' imprisonment and a maximum of life under § 841(b), United States v. Holland, No. 3:01-cr-00195, 2022 WL 4096874, at *5-7 (M.D. Pa. Sep. 7, 2022), (2) Holland's Guidelines range was still life imprisonment, and Holland's objections to the application of the cross-referenced murder enhancement, the drug weight attributable to him, and the obstruction of justice enhancement all sought to relitigate factual determinations made at his original sentencing, which he may not do in the context of a First Step Act motion, id. at *7-8, *10-12, (3) even though his original "base offense level did not depend on his career offender status," Holland was still a career offender under the Guidelines because the New Jersey drug statute under which he was previously

convicted was a categorical match for the federal drug statutes, id. at *8-10, and (4) the 18 U.S.C. § 3553(a) factors supported Holland's life sentence, id. at *12-15.

Holland appeals.

## II[3]

In 2010, Congress enacted the Fair Sentencing Act, which "lessen[ed] sentencing disparities between convictions involving crack cocaine and convictions involving powder cocaine . . . by, among other things, increasing the amount of crack cocaine necessary to trigger higher statutory minimum sentences (Section 2) . . . ." United States v. Murphy, 998 F.3d 549, 553 (3d Cir. 2021), abrogated on other grounds by United States v. Shields, 48 F.4th 183, 190-92 (3d Cir. 2022). In 2018, the First Step Act made Section 2 of the Fair Sentencing Act retroactive. Id. Thus, the district court may now, on motion of the defendant, "impose a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act . . . were in effect at the time the . . . offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, 5222.

The First Step Act does not, however, "guarantee anyone a lower sentence." United States v. Hart, 983 F.3d 638, 639 (3d Cir. 2020); 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this

---

[3] The District Court had jurisdiction over Holland's case under 18 U.S.C. § 3231 and jurisdiction to consider Holland's motion under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"Our review over a district court's decision to grant or deny a motion for sentence reduction is typically for abuse of discretion. However, we exercise plenary review when we are presented with legal questions." United States v. Birt, 966 F.3d 257, 259 n. 2 (3d Cir. 2020) (citation and quotation marks omitted).

section."). Instead, when evaluating a First Step Act motion, a district court must first determine whether the defendant committed an offense to which the retroactive amendments to the Fair Sentencing Act apply and, therefore, is eligible to be resentenced. See Shields, 48 F.4th at 195. If the district court concludes the defendant is eligible for resentencing, the court must "recalculate [his] . . . Guidelines range . . . to reflect [only] the retroactive application of the Fair Sentencing Act." Concepcion v. United States, 142 S. Ct. 2389, 2402 & n.6 (2022). The district court then has discretion to impose a reduced sentence considering any intervening changes in law and fact since the imposition of the defendant's original sentence. Id. at 2396, 2402 n.6, 2404.

The parties do not dispute that Holland was eligible for resentencing because the statutory penalties for his drug convictions were modified by Section 2 of the Fair Sentencing Act and the First Step Act applies those modifications retroactively. We therefore examine whether the District Court (1) correctly calculated Holland's Guidelines range applying only the retroactive portions of the Fair Sentencing Act, and (2) acted within its discretion in declining to reduce Holland's sentence.

A

The District Court correctly recognized that Holland's recommended Guidelines range was life due to the murder cross-reference, Holland, 2022 WL 4096874, at *12, and that this range was unchanged by the Fair Sentencing Act's retroactive amendments to the applicable statutory mandatory maximum. See U.S.S.G. § 5G1.1 (directing sentencing courts to adjust the Guidelines range for any statutory minimum or maximum sentence). A jury found that Holland's drug offenses involved fifty grams or more of

6

crack cocaine.  Holland, 75 F. App'x at 880-81 (explaining that the jury found that each count involved fifty grams or more of crack cocaine).  Before the Fair Sentencing Act, this amount triggered a mandatory minimum sentence of ten years and a maximum of life and subjected an individual with two prior drug convictions, like Holland, to mandatory life.  21 U.S.C. § 841(b)(1)(A) (2001).  The Fair Sentencing Act increased the amount of crack cocaine required to trigger these penalties from fifty grams to 280 grams.  Pub. L. No. 111-220, 124 Stat. 2372, 2372.  Applying the Fair Sentencing Act retroactively, a defendant whose crime involved more than twenty-eight but less than 280 grams of crack cocaine faces a statutory minimum of five years and a statutory maximum of forty years.  124 Stat. at 2372 (revising the qualifying amount of crack cocaine under § 841(b)(1)(B) from five grams to twenty-eight grams).  For a defendant who has a prior felony drug conviction, however, these penalties are increased to a minimum of ten years and a maximum of life.  See 21 U.S.C. § 841(b)(1)(B).  Thus, while Holland no longer faced a statutory mandatory life term of imprisonment, the District Court correctly recognized Holland still faced a statutory maximum punishment of life and, therefore, the Fair Sentencing Act did not affect Holland's recommended Guidelines range.[4]

B

---

[4] Holland's argument that his three prior drug convictions no longer qualify as predicates for the enhanced statutory penalties under the new definition for qualifying prior drug convictions in 21 U.S.C § 841(b)(1)(B) lacks merit.  The new definition does not apply to Holland because he was sentenced before the definition was enacted.  See United States v. Aviles, 938 F.3d 503, 510 (3d Cir. 2019); 132 Stat. at 5221.

7

We next examine whether the District Court abused its discretion in declining to modify Holland's concurrent life sentences. When exercising its discretion to resentence a defendant under the First Step Act, a district court must consider any changed circumstances raised by the parties, Concepcion, 142 S. Ct. at 2404, including (1) "new, relevant facts that did not exist, or could not reasonably have been known by the parties, at the time of the first sentencing," Murphy, 998 F.3d at 555, (2) intervening changes in the law, such as nonretroactive Guidelines amendments, Concepcion, 142 S. Ct. at 2403-04, (3) postsentencing developments, such as rehabilitation, prison misconduct, or health issues, Shields, 48 F.4th at 190, and (4) the § 3553(a) factors, Murphy, 998 F.3d at 555. While it is "not required to be persuaded by every argument [the] parties make," a district court "bear[s] the standard obligation" to "consider the parties' nonfrivolous arguments" and "explain [its] decision []." Concepcion, 142 S. Ct. at 2404.

The District Court complied with these requirements. It correctly held that it could not consider Holland's factual objections to (1) the murder cross-reference, (2) the drug weight attributable to him, and (3) the obstruction of justice enhancement because the relevant facts in the trial transcript were known to the parties at the time of Holland's first sentencing, Murphy, 998 F.3d at 555, and the transcript was, in fact, available to Holland on direct appeal.[5] Moreover, the Court acted within its discretion to reject

---

[5] To the extent some of our cases may suggest that resentencing courts may consider Guidelines enhancements and calculations for which the original sentencing court did not make any factual findings, see Shields, 48 F.4th at 192 n.7; Murphy, 998 F.3d at 555 n.5, and assuming such a suggestion is consistent with Concepcion, the District Court still did not abuse its discretion in declining to consider Holland's factual

Holland's argument that his three prior New Jersey convictions were no longer "controlled substance offenses" that trigger the Guidelines' career offender provision, see Shields, 48 F.4th at 191-92 (holding that a resentencing court must consider the defendant's argument that he no longer qualifies as a career offender), because Holland was not originally sentenced as a career offender, and the Court did not treat him as such on resentencing, Holland, 2022 WL 4096874, at *8-10.[6]

Finally, the District Court adequately considered the § 3353(a) factors. The Court discussed (1) Holland's history and characteristics, including the fact that Holland was abused as a child, (2) the nature and circumstances of the offense, including Holland's use of violence in connection with his drug distribution activities, and (3) Holland's health challenges, his post-conviction rehabilitation efforts, and the diminished likelihood of recidivism given his age. Holland, 2022 WL 4096874, at *12-15. We cannot say that

_____

arguments and the Court's approach did not violate due process. The original sentencing court made factual findings as to the murder cross-reference. As such, even if the sentencing court did not find facts as to the drug quantity and the obstruction of justice enhancement, any error the District Court made in not considering Holland's factual objections to these Guidelines calculations on resentencing was harmless because neither calculation affected Holland's Guidelines range once the murder-cross reference was applied. Holland's offense level would have been forty-three no matter if the drug quantity finding changed and the obstruction of justice enhancement applied. See U.S.S.G. § 5A; cf. United States v. Langford, 516 F.3d 205, 215 (3d Cir. 2008) (explaining that an error is harmless when it is "clear that [it] did not affect the district court's selection of the sentence imposed").

[6] The District Court also acted within its discretion when it declined to sentence Holland as if the new definition of qualifying prior drug convictions under 21 U.S.C § 841(b)(1)(B) applied because Holland did not explain why the Court "should exercise its discretionary authority to grant [Holland] the relief he requests." Holland, 2022 WL 4096874, at *7; see Concepcion, 142 S. Ct. at 2404 ("Of course, a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation.").

no reasonable sentencing court would have agreed with the Court's conclusion that a sentence reduction was unwarranted in light of Holland's serious offense and the need to promote respect for the law and provide just punishment. United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). As such, the Court did not abuse its discretion in reimposing Holland's concurrent life sentences.

                                III

For the foregoing reasons, we will affirm.