**CLD-218**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2044
_____

UNITED STATES OF AMERICA

v.

JEFFREY HOLLAND, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:01-cr-00195)
District Judge:  Honorable Robert D. Mariani

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 21, 2023

Before: SHWARTZ, MATEY, and FREEMAN, Circuit Judges

(Opinion filed: October 17, 2023)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Jeffrey Holland appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). The Government has filed a motion to summarily affirm the District Court's order. For the following reasons, we will summarily affirm.

In 2002, a federal jury found Jeffrey Holland guilty of trafficking 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a), using a firearm while trafficking drugs in violation of 18 U.S.C. § 924(c), and other offenses. Holland was sentenced to two concurrent life sentences, to be followed by a 60-month consecutive sentence for the firearms conviction. We affirmed on direct appeal. See United States v. Holland, 75 F. App'x 878 (3d Cir. 2003). Thereafter, Holland filed several unsuccessful motions for post-conviction relief.[1]

The present appeal concerns Holland's September 16, 2020 motion for compassionate release. See ECF Nos. 525, 589, 590, & 595. In that motion, Holland requested compassionate release pursuant to 18 U.S.C. § 3582(c)(1), citing the COVID-19 pandemic and arguing that he was at risk because of the prison's inadequate mitigation efforts and his various health issues, such as high blood pressure, high cholesterol, patchy airspace disease, allergies, and digestive problems related to a salmonella food poisoning

---

[1] We are aware of the pending appeal in C.A. No. 22-2763, but it has no impact on this appeal.

2

outbreak in the prison in 2011. The District Court denied the motion, concluding that Holland had not presented extraordinary and compelling reasons justifying release and that release was not warranted upon consideration of the 18 U.S.C. § 3553(a) factors. Holland now appeals. The Government filed a timely motion for summary affirmance. Holland did not respond to the motion, and the response time has passed.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We discern no abuse of discretion in the District Court's conclusion that Holland did not present extraordinary and compelling reasons for release. As the District Court noted, effective vaccines have reduced the risk of serious illness posed by COVID-19. See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (explaining that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). While Holland claimed that his health conditions made him more

3

susceptible to serious complications related to COVID-19, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Holland did not demonstrate that any additional risks posed by his health conditions warranted compassionate release. See United States v. Andrews, 12 F.4th 255, 260–62 (3d Cir. 2021) (finding no clear error in the determination that defendant's age, rehabilitation, and general susceptibility to COVID-19 were not compelling reasons warranting compassionate release).

Moreover, even if Holland had shown extraordinary and compelling circumstances as required by § 3582(c)(1)(A)(i), the District Court reasonably concluded that the § 3553(a) factors did not weigh in favor of release. The District Court incorporated the § 3553(a) analysis included in its September 7, 2022 memorandum opinion, see ECF No. 573 at 27–34, in which it concluded that several factors—including the circumstances of the offense and the need to reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, and afford adequate deterrence to criminal conduct—counseled against release. See § 3553(a)(1) & (2). The District Court did not abuse its discretion in its weighing of the § 3553(a) factors.

Accordingly, we grant the Government's motion for summary action and will affirm the District Court's judgment.